225 So.2d 727 (1969)
Arnold W. FUSSELL
v.
FIREMAN'S FUND INSURANCE COMPANY.
J. I. CASE CREDIT CORPORATION
v.
Arnold W. FUSSELL.
Nos. 7820, 7821.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Rehearing Denied August 28, 1969.
*728 Johnson & Johnson, by Delos R. Johnson, Jr., Franklinton, for appellants.
Bienvenu & Culver, by H. F. Foster, II, and L. F. Babst, Jr., New Orleans, for appellees.
Before LANDRY, SARTAIN and MARCUS, JJ.
LANDRY, Judge.
We have before us a motion to dismiss appeals taken by Arnold W. Fussell from the judgment of the trial court in Suit Number 7820 rejecting his claim in tort against his insurer, Fireman's Fund Insurance Company, on a fire policy covering a tractor owned by Fussell and also rejecting his third party demand in the consolidated companion case, Number 7821, an action by J. I. Case Credit Corporation to collect a note secured by chattel mortgage on the same tractor.
The motion to dismiss asserts the appeals were not timely taken. We so find and dismiss the appeals.
Appellant's initial demand against Fireman's in Suit Number 7820 was entirely ex contractu. Case intervened therein asserting rights pursuant to a note secured by chattel mortgage on the tractor involved. Fussell subsequently amended and supplemented his petition to assert a claim against Fireman's in tort stemming from the alleged removal of certain parts from the tractor while it was under repairs. Fireman's excepted to the amended and supplemental demand founded in tort by interposing exceptions of no right of action, no cause of action and one year's prescription.
In the Case suit against him, defendant Fussell third-partied Fireman's asserting a claim in contract. Subsequently Fussell amended and supplemented his third-party demand to include the same tort claim advanced in his action against Fireman's. By judgment signed April 11, 1966, the trial court sustained Fireman's exceptions and plea of prescription to Fussell's supplemental demands in tort and dismissed this aspect of appellant's claims. Thereafter trial was had on the merits of the alleged cause of action in contract. On September 12, 1966, judgment was rendered on this phase of these proceedings from which judgment no appeal has been taken.
On October 5, 1966, Fussell devolutively appealed the judgments rendered April 11, 1966, dismissing his supplemental demand against Fireman's in tort. Fireman's contends the judgments appealed are final decrees which must have been appealed within ninety days of rendition pursuant to La. C.C.P. Article 2087. Appellant argues the judgments appealed are not final appealable judgments and that no appealable judgment existed until September 12, 1966, when his demands in contract were decided on the merits.
We have had previous occasion to consider the finality and consequent appealability of judgments dismissing an action on exceptions of no cause and no right of action. It is now well established that such decrees are not interlocutory as contended by appellant, but final. Consequently an appeal must be timely taken from such a judgment, otherwise the appeal will be amenable to a motion to dismiss due to a lack of jurisdiction in the appellate court. Stevens v. Daigle & Hinson Rambler, Inc., La.App., 148 So.2d 105; Bolin v. Hartford Accident & Indemnity Co., La.App., 204 So.2d 49.
The jurisprudence cited and relied upon by appellant in support of the claim that the judgments in question are not final decrees is based on the provisions of our former Code of Practice, since superceded by the Code of Civil Procedure.
*729 Article 1841, C.C.P., which is particularly pertinent herein, provides:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment." (Emphasis by the Court)
Equally applicable herein are the terms of La.C.C.P. Article 1915, which provide:
"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case." (Emphasis by the Court).
Unquestionably the judgments appealed in this instance are final although they did not adjudicate all of the issues before the trial court. The judgments, however, did determine the merits of a portion of appellant's claim, namely, the part based on a demand in tort. In sustaining the exceptions of no cause of action, the trial court decided in effect there was no merit to the claims asserted. In sustaining the plea of prescription, the court concluded the demands in tort were barred by the lapse of time and appellant's right to prosecute them forever precluded. In each instance the judgment was a final, irrevocable determination as to these particular rights. As such they were appealable.
Since these appeals were not taken within 90 days as provided in La.C.C.P. Article 2087, they were untimely and must be dismissed.
Appeals dismissed at appellant's cost.