243 So.2d 118 (1971)
Leo DEVILLIER et al., Plaintiffs-Appellants,
v.
CITY OF OPELOUSAS, Louisiana, Defendant-Appellee.
No. 3360.
Court of Appeal of Louisiana, Third Circuit.
January 19, 1971.
*119 Garland & DeJean by Harry B. Garland and H. B. DeJean, Opelousas, for plaintiffs-appellants.
Andrus & Pavy, by Alex L. Andrus, Jr. and H. Garland Pavy, Opelousas, for defendant-appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.

ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
On June 6, 1968, Leo Devillier and sixteen other parties plaintiff filed suit against the City of Opelousas, seeking overtime pay allegedly due employees of the Opelousas Fire Department. The accumulated overtime claimed and allegedly unpaid was for the period October 1, 1960, to December 4, 1967. Defendant filed an exception of prescription of one year and the trial court sustained the exception as to the claim for wages due prior to June 6, 1967. The trial court ruled that liberative prescription bars the claim for wages allegedly due from October 1, 1960 to June 6, 1967. Plaintiffs appealed and defendant has moved to dismiss the appeal.
The mover contends that since the petition for appeal and the order granting the appeal named only Leo Devillier, that the appeal is invalid and ineffective as to the other plaintiffs and should be dismissed. We find no merit in that contention.
The petition for devolutive appeal was styled Leo Devillier, et al, v. City of Opelousas, Louisiana. It contained the following language:
"The petition of Leo Devillier, et al, plaintiffs, in the above-numbered-and-entitled suit, with respect represents:" (Emphasis added.)
The petition for appeal while not specifically naming every plaintiff used the designation, "et al", and made reference throughout the petition to more than one plaintiff. It is abundantly clear that all plaintiffs joined in bringing the appeal. The contention that all appellants must be named specifically in the heading, is hypertechnical and ignores the common usage of the term "et al". Such a technicality flies in the face of the axiomatic rule that appeals are favored and the right of appeal is to be liberally construed. Alpaugh v. Krajcer, 54 So.2d 233 (La.App.Orl.1951); McCann v. Todd, 201 La. 953, 10 So.2d 769 (1942); Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124 (1939).
The mover additionally contends that as to all appellants other than Louise Perry Guilbeau individually and as Tutrix for her two minor children, there is no right of appeal for the reason that the judgment from which the appeal is sought is neither a final judgment, nor an interlocutory judgment from which an appeal will lie. The claim of Louise Perry Guilbeau for overtime pay allegedly due her deceased husband, fell completely within the period between October 1, 1960, and June 5, 1967. She made no claim for overtime subsequent to June 5, 1967. Mover correctly concedes that the judgment sustaining the plea of prescription is without question a final judgment as to Louise Perry Guilbeau, both individually and as Tutrix, since her claim has been totally dismissed.
The claims of the other plaintiffs include overtime allegedly due after June 6, 1967.
Thus, while the ruling finally dismissed the entire suit of Louise Perry Guilbeau, as to all other plaintiffs, their claims were only partially denied. Their claim for overtime pay subsequent to June 6, 1967, is presently before the trial court for trial on the merits.
Thus, the question as it relates to these plaintiffs, is whether the ruling sustaining *120 the plea of prescription as to part of their claims, is a final judgment or only an interlocutory judgment. Article 1841 of the Code of Civil Procedure in part provides that:
"A judgment that determines the merits in whole or in part is a final judgment."
It is abundantly clear that a final judgment need not dispose of all the issues between the parties. For a judgment to achieve the character of finality, it is necessary only that it "trench upon the merits", that is, that it decide the merits in whole or in part. Anderson v. Southern Consumers Ed. Foundation, Inc., 196 So.2d 686 (La. App. 3rd Cir., 1967); Stevens v. Patterson Menhaden Corp., 191 So.2d 692 (La.App. 1st Cir., 1966), writ refused 250 La. 5, 6, 193 So.2d 524.
In Cary v. Richardson, 35 La.Ann. 505, 506 (1883), a leading case in this area, it was stated that:
"An interlocutory judgment should not trench upon the merits of the cause; but the moment that it does, it acquires a character of finality which assimilates it to a final judgment and renders it appealable. It is not essential for a judgment to be final that it settle all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merit of the action."
The judgment in the instant case, while it did not decide all the rights between the parties, nonetheless, did "trench upon the merits". The judgment decided the merits of the case in part, and so far as the party's right to sue for overtime, accrued prior to June 6, 1967, is concerned, the judgment is a final judgment and as such is appealable.
Thus, we are of the opinion that while the trial court retains jurisdiction in the instant case, for the purpose of adjudicating the remaining rights existing between the parties (other than Louise Perry Guilbeau), nonetheless, the judgment entered sustaining the plea of prescription is a final judgment as to all parties and the appeal will be maintained. For these reasons, the motion to dismiss the appeal is denied.
Motion denied.
MILLER, Judge (dissenting in part).
I dissent to the holding that the judgment sustaining the plea of prescription as to part of the claim is a final judgment. The decision is well reasoned and supported, but the result is undesirable and not required.
Undesirable because it interferes with orderly proceedings before the trial court. The trial court's judgment sustaining the plea of prescription does not determine the merits of all of plaintiffs' claims. These claims must be tried on the merits.
This holding requires piecemeal appeals. The resulting delays prejudice all parties.
The decision is not required under the Code of Civil Procedure. I would apply paragraph 2 of LSA-C.C.P. Art. 1841 to the effect that:
"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment."
The trial court's judgment does not determine the merits of all of plaintiffs' claims. Therefore, it is an interlocutory judgment.
As stated in the official comments following LSA-C.C.P. Art. 2083:
"In many cases it is not easy to distinguish between which judgments are interlocutory and which are final."
The official comments to C.C.P. Art. 2083 states:
"Judgments maintaining exceptions of nonjoinder, Neal v. Hall, 28 So.2d 131 (La.App.1946), and no cause of action, *121 Feitel v. Feitel, 169 La. 384, 125 So. 280 (1929), have been held to be nonappealable." (LSA-C.C.P., Volume 1, Page 316, Line 30 et seq.)
I respectfully dissent.