CHASEZ, Judge.
Plaintiff filed a petition for concursus under LSA-R.S. 38:2243 on February 28, 1969, approximately nineteen months after the last work was completed on the project involved in this litigation. In addition to praying that all claimants to the construction project fund be required to come into *735 the proceeding to assert their respective claims, plaintiff also sought an affirmative judgment for damages of some one million dollars from defendant, Great Lakes Dredge & Dock Company. Defendant, Great Lakes, filed various exceptions, including peremptory exceptions of no cause of action and prescription of one year.
After Great Lakes’ exception of no cause of action was sustained and plaintiff was afforded an opportunity to cure the defective pleading through amendment [See Sewerage & Water Board of New Orleans v. Sanders, La.App., 239 So.2d 414 (4th Cir. 1970), writ refused 256 La. 912, 240 So.2d 374 (1970)], plaintiff filed its amended petition seeking to assert a cause of action ex delicto against Great Lakes in support of its demand for an affirmative judgment for damages over and above the relief prayed for in the concursus proceeding. Great Lakes accordingly re-urged its exception of prescription as to the demand for an affirmative judgment for damages.
The trial court maintained the exception of prescription and dismissed the plaintiff’s claim for damages, but expressly reserved plaintiff’s right to use the prescribed claim as a defense in the pending concursus proceeding. Plaintiff appealed.
Great Lakes filed this motion to dismiss the appeal on the ground that the judgment maintaining defendant, Great Lakes’ exception of prescription as to plaintiff’s claim for damages constitutes an interlocutory ruling of the trial court and is, therefore, not appealable at this time.
What is before this court is not whether the exception of prescription was properly maintained, but only the question of whether a judgment maintaining an exception of prescription is a final judgment.
Prescription is a peremptory exception LSA-C.C.P. 927(1). Article 923 of the Code of Civil Procedure provides: “ * * * The function of the peremptory exception is to have the plaintiffs actions declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.”
LSA-C.C.P. art. 934 provides:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the Court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.” (Emphasis supplied)
It is difficult for this court to conceive of a judgment more final than the maintaining of a plea of prescription. The fact that the District Court reserved to plaintiff the right to assert its claim against Great Lakes by way of defense to the claim of Great Lakes does not modify the nature of the judgment rendered on the exception of prescription. This opportunity is afforded to plaintiff as a matter of law without any express reservation by the trial Court. See LSA-C.C.P. art. 424.
Moreover, if the Board is correct in its position that the exception of prescription should not have been maintained (a determination which can only be made on the merits of the appeal) then dismissal of this appeal would deprive the Board of the opportunity to establish at trial a substantial claim for affirmative relief against Great Lakes.
For the assigned reasons, the Motion to Dismiss the appeal filed by Great Lakes Dredge & Dock Company is denied.
Motion to dismiss denied.