GULOTTA, Judge.
Plaintiff appeals from a judgment maintaining exceptions of no right and no cause of action. We affirm.
In its petition, Pierce Enterprises alleges that repairs were made by it to a vessel owned by Jobob Towing, Inc.; that Jobob advised plaintiff the repair bill would be paid by Jobob’s insurer, defendant-interstate Insurance Company; and that the invoice for the repairs has never been paid. Plaintiff further alleges that it is a third party beneficiary of the insurance contract between Jobob and Interstate, and, as such, is entitled to payment of the repair bill from the insurer. Pierce also seeks recovery against defendant-Armisted Miller Wallace, Inc., the insurance broker who placed the insurance, because of its “negligence” in writing an insurance policy with Interstate, an allegedly insolvent company.
No appeal has been taken from the judgment maintaining Interstate’s exception of no cause of action. This appeal is directed only against the judgment maintaining Ar-misted Miller Wallace, Inc.’s (hereinafter referred to as AMW) exceptions of no right and no cause of action.[1]
Implicit in the trial court’s judgment maintaining Interstate’s exception is a determination that the insurance contract between Jobob and Interstate was not a contract for the benefit of a third party (Pierce). The claim asserted by Pierce against Interstate is based on the allegation in its petition that Interstate was a third party beneficiary of the insurance policy between Jobob and Interstate. Although it does not so assert in its petition, Pierce claims, on appeal, that representation to it by Jobob that the cost of the repairs would be paid by Jobob’s insurer, Interstate Insurance Company, was an assignment to Pierce of Jobob’s claim against Interstate.
We are unable to consider on this appeal whether or not Jobob’s insurance contract with Interstate was a contract for the benefit of third parties or was a valid assignment. These issues cannot now be raised. Any claim against Interstate was laid to rest when the trial judge maintained the exception of no cause of action and no appeal was taken from that judgment.[2]
Plaintiff’s claim against AMW is based on this defendant’s negligence in providing insurance with Interstate. The basis of its claim against AMW is predicated on the existence of a contract for the benefit of third parties between Jobob and Interstate or on the existence of a valid assignment by Jobob of its claim against Interstate. Because these issues sought to be considered on this appeal address themselves to the claim against Interstate, they cannot be considered here. It necessarily follows that when a final judgment has *695 been rendered dismissing plaintiffs claim against the insurer, no claim can be asserted against the broker (AMW) for negligently obtaining insurance from that insurer based on the insurer’s alleged insolvency. Whether Interstate was or was not solvent makes no difference. Plaintiff’s suit against Interstate has been dismissed. Since Interstate is not liable to Pierce, AMW cannot be liable to Pierce. Plaintiff simply has no right and no cause of action against AMW.
Accordingly, the judgment maintaining Armisted Miller Wallace, Inc.’s exceptions of no right of action and no cause of action is affirmed.

AFFIRMED.

. Presently pending in this suit are third party complaints filed by Jobob against AMW and Interstate.

. See Fussell v. Fireman’s Fund Insurance Company, 225 So.2d 727 (La.App. 1st Cir. 1969); Stevens v. Daigle & Hinson Rambler, Inc., 148 So.2d 105 (La.App. 1st Cir. 1962).