387 So.2d 1251 (1980)
Raymond E. HANKAMER et al.
v.
TEXACO, INC.
No. 13243.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Writ Granted September 26, 1980.
*1252 A. Lane Plauche and Reid K. Hebert, Plauche, Smith, Hebert & Nieset, Lake Charles, James W. Schwing, Provost, Ernest & Schwing, New Iberia, counsel for plaintiffs-appellants.
Charles F. Bailey and Reginald J. Ringuet, Lafayette, counsel for defendant-appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiffs appeal from the denial of their petition for a class action suit and from the sustaining of a plea of prescription to any items of damages accruing more than three years prior to the filing of a suit to recover claimed underpayments of overriding gas royalties.
The issues are the appealability of the judgments; the propriety of class action and the correctness of the holding that claims more than three years old are prescribed.
We affirm.

STATEMENT OF CASE
On January 12, 1978, thirty six owners of an overriding royalty interest filed suit against Texaco, Inc., asking for an accounting for a period of ten years of gas produced on State Leases 334, 335, 340 and 341 for judgment for amounts that might be due because of underpayments, plus penalties, and for an order requiring defendant to pay plaintiffs the value of the gas in the future. On June 27, 1978, the court sustained an exception of prescription to any claim accruing prior to three years before the filing of the suit.
On August 7, 1978, plaintiffs filed "Plaintiffs' Second Supplemental and Amended Petition Asserting A Class Action for an Accounting, For Payment of Royalties Due and Owing on Natural Gas and For Damages and Attorneys' Fees." On June 15, 1979, the court maintained an exception to the class action. On August 30, 1979, the court rendered and signed a judgment sustaining the exception of 3 years prescription and dismissing the suit as to that portion of plaintiffs' demand accruing prior to the three years.
On the same day, the court signed a separate judgment sustaining the peremptory exception of no cause and of no right of action to the petition for class action and dismissing "Plaintiffs' Second Supplemental and Amended Petition Asserting A Class Action."

APPEALABILITY
When plaintiffs filed their Second Supplemental and Amended Petition Asserting *1253 A Class Action, they elected to restate all their claims against the defendant without amending any articles of the original petition. Except for the title assigned, the fact that it was filed in the original suit and assigned the same number and, perhaps, some instances of the same phraseology, the filing could have been an entirely new suit, independent of the original suit. The title assigned to a pleading is not binding on the court. When the trial court made its decision, after objection, and signed the judgment, it dismissed the petition. A judgment of dismissal is final and appealable.
The question of the appealability of the sustaining of three years' prescription presents a more difficult problem. Another panel of this court, relying on Devillier v. City of Opelousas, 243 So.2d 118 (La.App. 3rd Cir. 1971), denied a motion to dismiss. We entertain considerable doubt as to the correctness of the decision in this case and in the Devillier case, but we elect to proceed to the merits with the belief irreparable injury would result because of the prior decision and the delays resulting therefrom were we now to adopt a contrary decision.

CLASS ACTION
Plaintiffs' Second Supplemental and Amending Petition alleged that the case consisting of the owners of royalty interests on property covered by the leases were so numerous as to make it impracticable for all to join or be joined as parties, that the character of the rights sought to be enforced are common to all members of the class and require the adjudication of issues of law and fact common to the entire class and that plaintiffs' claims are typical of those of all the class members in every respect.
After hearing, the court denied the class action because the character of the right sought to be enforced was not common in that the State of Louisiana has the "greatest interest in the class and is not a member of that class ...."
While we are not convinced that the basis is valid because it is not settled that the State could not be joined, if a valid member of the class, which we also doubt, nevertheless we affirm because of failure to meet another guideline: that "the class action will be clearly more useful than other available procedures for definitive determination of a common-based right . . . in the interests of the parties (including both the class and the opponent(s) to it) and of the efficient operation of the judicial system." Williams v. State of Louisiana, 350 So.2d 131 (La.1977); Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975).
Thirty-six plaintiffs joined in the Second Supplemental and Amended Petition. Four later withdrew as plaintiffs and as potential class representatives. It was estimated that the plaintiffs own about 0.8% of the total royalty and overriding royalty interests or 3.2% of the original 1/24 overriding royalty interest. Plaintiffs estimate that the class has between 125 and 150 members.
During the pendency of this appeal, briefs for amici curiae totalling about 75 class members have been filed with us. These briefs were in objection to plaintiffs' representation of the class and some expressed an intent to opt out of the suit, if the class action be allowed, because they believed that plaintiffs' interests are not consistent with their own. They assert that they have an ownership of 90% of the overriding royalty interest as compared with plaintiffs' 3.22%.
Filing of these briefs on behalf of 75 members of the class throws considerable doubt upon any conclusion that the members of the class are so numerous that joinder is impracticable.
The possibility of inconsistent decisions in multiple cases, we believe to have been exaggerated in view of the developments.
The amounts involved in even the minute percentage interests lead us to the conclusion that the class action would be necessary to protect any of the claimants. The representation by counsel of those filing briefs amici curiae indicate otherwise.
*1254 Under these circumstances we find that the class action will not "be clearly more useful than other available procedures for definitive determination of a common-based right". Stevens v. Board of Trustees of Police Pension Fund, supra.
This course of action, we believe, was one of the possibilities the court in Stevens had in mind when it said ". . . subsequent developments may indicate reasons for limiting or expanding the class or for noticing the propriety or impropriety of the actions under the developing facts, . . . ."
We therefore affirm.

PRESCRIPTION
The plea of prescription was directed at the original petition as amended by the first supplemental and amended petition. While it could be argued that this was replaced and superceded by the second supplemental and amended petition because the latter restated all the allegations; nevertheless, we believe that the plaintiffs and the trial court did not intend such a result.
The overriding royalty interest was created by W. T. Burton when he assigned to Texaco the lease from the State of Louisiana with a reservation. Even though called an assignment, the transaction was in fact a sub-lease. Bond v. Midstates Oil Corp., 219 La. 415, 53 So.2d 149 (1951). The payment of overriding royalty thus created is the payment of rent. Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46 (1931). Three year prescription is therefore applicable. La.C.C. Art. 3538; Caddo Levee District v. Pure Oil Co., 167 La. 801, 120 So. 373 (1929).
We distinguish the cases of Da Ponte v. Ogden, 161 La. 378, 108 So. 777 (1926); Wurzlow v. Placid Oil Co., 279 So.2d 749 (La.App.1973), writ denied 282 So.2d 140, and Agurs v. Amoco Petroleum Co., 465 F.Supp. 154, (D.C.La.1979), relied upon by plaintiffs as involving royalty interests not created out of leases.
Therefore the claims for unpaid royalties accruing more than three years prior to the filing of the suit are prescribed. We therefore affirm the decision of the trial court on this point.
For the above reasons, we affirm the ruling of the trial court and remand the case for further proceedings not inconsistent with these reasons.[1] The costs are assessed to the appellants.
AFFIRMED AND REMANDED.
NOTES
[1] The very disposition we make of this case is supportive of our belief that the sustaining of the plea of prescription is an interlocutory decree.