CHEHARDY, Judge.
Defendant and plaintiff in reconvention, John G. Defies, Sr., seeks to appeal a. district court judgment in favor of plaintiff, Anna Degel, maintaining her exceptions of no cause of action, or no right of action in regard to the defendant’s reconventional demand.
Plaintiff filed suit for partition of community on October 18, 1977. Defendant answered and also filed a reconventional demand for partition, reimbursement, accounting and other relief. In maintaining the plaintiff’s exceptions, the trial court in its reasons for judgment noted:
“ * * * In his reconventional demand, defendant has asked that he be reimbursed for one-half of the fair market rental value of the community property. A co-owner has the right to use and to occupy community property without becoming liable for rent or rental value therefor. Acrement v. Acrement, 162 So.2d 813 (La. App. 4th Cir. 1961); Spencer v. Spencer, 273 So.2d 605 (La. App. 4th Cir. 1973). If a co-owner rents part of the community property, she must account for any rents actually received, but not for fair market rental value subsequently determined. Juneau v. La-Borde, 228 La. 410, 82 So.2d 693 (1955); La. CCP Article 4626(2). If a co-owner is not satisfied with another co-owner’s use or occupancy of the co-owned premises, his remedy is to sue for partition and to prosecute the suit with diligence. Defendant has no cause of action to sue for fair market rental value of co-owned property occupied either directly by his co-owner or indirectly through a tenant.
“Defendant also has no cause of action to allege that a co-owner deducted too much on a separate tax return related to co-owned property, that defendant should have deducted expenses on his interest in co-owned property which he failed to deduct, and that he is entitled to reimbursement therefor. Defendant’s remedy is to amend his own tax returns if he failed to deduct what he could have deducted.
“In a partition suit, defendant has no cause of action to either ask for the return of or the value of alleged separate property or to assert non-co-ownership claims against the funds to be derived from a partition sale.
“Likewise, defendant has no cause of action to claim reimbursement for money given to plaintiff for the personal use of plaintiff and the children of plaintiff and defendant.
“In light of the above reasoning and rulings the remaining exceptions of plaintiff are moot.”
This judgment, therefore, clearly , determined the merits, at least in part, in the present case. In the case of Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246 (La. App. 3d Cir. 1979), plaintiffs appealed the dismissal of part of their claim under the exceptions of no right of action and no *474 cause of action filed by the defendants, although the remainder of plaintiffs’ claim had. not been tried in the district court. Defendants objected to the appeal arguing that the exceptions maintained by the trial court were interlocutory judgments from which no appeal lies. The Court of Appeal, however held at page 1248:
“ * * * This Court disagrees with defendants’ contentions and holds that the judgment is a final judgment and plaintiffs are entitled to appeal. Article 2083 of the Code of Civil Procedure allows an appeal to be taken in cases where final judgment has been rendered and in cases where interlocutory judgment may cause irreparable injury. Article 1841 states (in part) that:
‘A judgment that determines the merits in whole or in part is a final judgment’. See also Cary v. Richardson, 35 La.Ann. 505 (1883); Voisin v. Luke, 142 So.2d 815 (La. App. 1 Cir. 1962).
“In the present case, by maintaining the exception, the trial court has pronounced the final judgment on all the plaintiffs’ claims save one. This clearly falls within the meaning of the above cited article:
‘The final judgment need not dispose of all issues between the parties to be appealable.’ Talley v. Bradley, 177 So.2d 624 (La. App. 3 Cir. 1965); Devillier v. City of Opelousas, 243 So.2d 118 (La. App. 3 Cir. 1971.)”
Clearly, in the present case the judgment appealed from determined the merits of the defendant’s reconventional demands for one-half of the market rental value of co-owned property, reimbursement for improper deductions of tax returns, return of value of alleged separate property, and reimbursement for money given to plaintiff for personal use, rendering the judgment a final one on these issues.
For the reasons above, the motion to dismiss this appeal, filed by the plaintiff, is denied.

MOTION DENIED.