412 So.2d 1162 (1982)
Mack H. POWELL, et al., Plaintiff-Appellees,
v.
C. C. FERGUSON, Defendant-Appellant.
No. 82-94.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1982.
Thomas G. Wilson, Colfax, for plaintiff-appellee.
Offices of Bobby L. Culpepper by Jimmy C. Teat, Jonesboro, for defendant-appellant.
Stafford, Stewart & Potter, Walter E. May, Alexandria, for defendant-appellee.
*1163 Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.

MOTION TO DISMISS
C. C. Ferguson, defendant-appellant, appeals from a judgment granting the exception of prescription filed by third party defendant Joe Morgan. We dismiss the appeal as to Joe Morgan as not being timely filed.
An exception of prescription was filed in this action by third party defendant Joe Morgan on October 16, 1980. On December 22, 1980, the trial court signed a final judgment in favor of Joe Morgan sustaining the exception of prescription and dismissing him from the suit. Trial between the remaining parties was begun on September 16, 1981 and on December 15, 1981, judgment was read, rendered and signed in favor of the plaintiffs-appellees, Mack H. Powell and Doris Poissot, and against the defendant-appellant, C. C. Ferguson. Appellant did not apply for a new trial. On December 23, 1981, appellant applied for and was granted a devolutive appeal. Third party defendant Joe Morgan became aware of appellant's intention of appealing as to him upon receipt of appellant's brief filed on March 10, 1982. Mr. Morgan filed a motion to dismiss with this court on March 19, 1982.
When an appellant fails to timely take and perfect his appeal, the appellate court lacks jurisdiction to hear the appeal. Siracusa v. Kramer, 271 So.2d 546 (La.App. 1st Cir. 1972).
In Sewerage and Water Board of New Orleans v. Sanders, 246 So.2d 734 (La.App. 4th Cir. 1971), it was held that a judgment maintaining an exception of prescription is a final judgment.
LSA-C.C.P. art. 2087 provides the time delays for taking a devolutive appeal:
Art. 2087. Delay for taking devolutive appeal
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
Amended by Acts 1962, No. 92, § 1; Acts 1976, No. 201, § 1; Acts 1977, No. 174, § 1, eff. Jan. 1, 1978.
The trial court signed the judgment sustaining the exception of prescription in favor of Joe Morgan on December 22, 1980. No motion for a new trial was filed by defendant-appellant. The seven days for that application and the sixty days for perfecting a devolutive appeal elapsed before any action was taken by appellant. Since the order of appeal was obtained after applicable delays, the appeal must be dismissed as to Joe Morgan.
APPEAL DISMISSED.