493 So.2d 121 (1986)
Johnnie J. ROUSSEAU
v.
EMPLOYERS MUTUAL OF WAUSAU, et al.
No. 86-CA-54.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
*123 Dean A. Sutherland, New Orleans, for defendant/appellee.
Frederick J. Gisevius, Jr., Jane M. Gisevius, New Orleans, for plaintiffs/appellants.
Before KLIEBERT, WICKER and NACCARI, JJ.
WICKER, Judge.
This appeal arises from a judgment granting a peremptory exception of prescription on a Jones Act claim brought by plaintiff, Johnnie J. Rousseau against his employer, H.B. "Buster" Hughes, Inc., (Hughes), his employer's insurer, Employers Mutual of Wausau, and various other parties. The petition alleges that Rousseau was injured while unloading a welding machine from a barge owned by his employer and located in navigable waters when the welding machine began to swing back and forth striking and injuring plaintiff's right foot and ankle. The petition asserted the applicability of numerous federal and state statutes, including the general maritime law. We reverse and remand.
The petition for damages was originally filed on April 25, 1975, and shortly thereafter Employers Mutual filed an answer asserting the exclusive remedy of the Longshoreman and Harbor Workers Act (33 USC 901 et seq.). Five years later, on November 3, 1980, Rousseau filed an amended petition which reiterated the allegations of the original pleading and specifically stated that the suit was brought pursuant to the Jones Act (46 USC 688). After the passage of another five years, on September 9, 1985, the defendants filed an answer to the amended petition and urged the peremptory exception of prescription. The exception asserted that the original petition filed by Rousseau failed to allege a cause of action under the Jones Act, and that since the amendment was filed five years later, the suit was prescribed under the three year statute of limitations for such claims.
Trial of the matter commenced on September 10, 1985, the day after Employers Mutual filed the answer and exception. Following a hearing prior to proceeding on the merits, the trial judge granted the exception and dismissed Rousseau's action insofar as it alleged a claim under the Jones Act.
In his appeal of that judgment, Rousseau asserts that the trial court erred in granting the exception in that the original petition set forth sufficient facts and law to support a Jones Act claim under both state and federal rules of procedure and in the alternative, that under federal and state law the amended petition specifically asserting the Jones Act as a basis for relief relates back to the filing of the original petition. Hughes, on the other hand argues that the claim was prescribed at the time the amendment was filed, that the amendment does not relate back to the original petition since the Jones Act is a preemptive statute, and that the appeal should be dismissed since the judgment maintaining the exception is interlocutory in nature requiring a showing of irreparable injury.
In regard to the latter assertion by Hughes, L.S.A.-C.C.P. art. 2083 provides that an appeal may be taken from a final judgment or from an interlocutory judgment causing irreparable injury. L.S.A.-C. C.P. art. 1841 defines final and interlocutory judgments as follows:
... a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment which determines the merits in whole or in part is a final judgment. (Emphasis added)
The exception of prescription is a peremptory exception, the function of which is to declare the plaintiff's action legally non-existant or barred by effect of law, and consequently, it tends to dismiss or defeat the action. L.S.A.-C.C.P. art. *124 927; Sewerage and Water Board of New Orleans v. Sanders, 246 So.2d 734 (La. App. 4th Cir.1971). L.S.A.-C.C.P. art. 933 provides that when the objection pleaded by the peremptory exception can be cured by amendment of the petition the court must order the amendment, but when it cannot be removed, the action shall be dismissed.
The denial of an exception of prescription is clearly an interlocutory judgment. Edwards v. Lousteau Auto Sales, 424 So.2d 460 (La.App. 5th Cir.1982). However, a judgment sustaining the exception of prescription is a final appealable judgment, even in cases where only a portion of the case is dismissed by the exception. Boudreaux v. Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1st Cir.1982); Fussell v. Fireman's Fund Insurance Co., 225 So.2d 727 (La.App. 1st Cir.1969); Powell v. Ferguson, 412 So.2d 1162 (La.App. 3rd Cir.1982); Devillier v. City of Opelousas, 243 So.2d 118 (La.App. 3rd Cir.1971); Sewerage and Water Board of New Orleans, supra. See also: Carpenter v. Travelers Ins. Co., 402 So.2d 282 (La.App. 3rd Cir.1981).[1] The same holding applies to the peremptory exceptions of no cause or no right of action. Fussell, supra; Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246 (La.App. 3rd Cir.1979); Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La. 1980); Degel v. Deffes, 395 So.2d 472 (La. App. 4th Cir.1981); Lambert v. National Bank of Commerce, 472 So.2d 284 (La. App. 1st Cir.1985).
In holding that the exception of prescription, when granted, is a final, appealable judgment, the court in Sewerage and Water Board explained:
"It is difficult for this court to conceive of a judgment more final than a plea of prescription ... if the Board is correct in its position that the exception of prescription should not have been maintained ... then the dismissal of this appeal would deprive the Board of the opportunity to establish at trial a substantial claim..." at page 735.
Furthermore, it is unnecessary that the trial court adjudicate all the issues of a case in order for the judgment sustaining the exception of prescription to be a final, appealable judgment. Boudreaux, supra; Fussell, supra; Powell, supra; Devillier, supra; Sewerage and Water Board of New Orleans, supra. See also Lambert, supra. To the contrary, the plaintiff's failure to perfect an appeal of the judgment granting the exception would likely bar the appeal for untimeliness. Boudreaux, supra. Consequently, we find that the judgment sustaining the exception of prescription in Rousseau's Jones Act claim is a final, appealable judgment regardless of any other unresolved issues or claims remaining in the trial court.
Under the Louisiana Code of Civil Procedure as well as the Federal Rules of Civil Procedure, pleadings are required to be simple, concise, and direct, but technical forms are not required. L.S.A.-C.C.P. arts. 854; Fed. Rules 8(e). The procedural rules in both jurisdictions provide that pleadings shall be construed so as to do substantial justice. L.S.A.-C.C.P. art. 865; Fed Rules 8(f). In admiralty cases, the pleader is not required to name the statute upon which he relies, but only needs to allege facts which would permit recovery under a statute, and if he does so, he may even name the wrong statute. Petition of Oskar Tiedman and Company, 236 F.Supp. 895 (D.C. Delaware 1964), reversed in part on other grounds.
The parties in this case agree that the action arises from an alleged maritime *125 tort. As such, the substantive relief is subject to maritime law to the exclusion of conflicting state laws, whether substantive or procedural. Morris v. M/V Creole Belle, 394 So.2d 727 (La.App. 3rd Cir.1981). The Jones Act gives a seaman the right to sue for damages arising from the negligence of the owner or personnel of a vessel aboard which the seaman was employed, and states that in the action all statutes of the United States related to personal injury to railroad employees shall apply. 46 USCA 688.
Seaman have historically been considered wards of the court in admiralty, and great deference is afforded to them in protecting and liberally construing their rights. Castorina v. Lykes Bros. S.S. Co., Inc., 578 F.Supp. 1153 (D.C.Tx.1984), cert. denied ___ U.S. ___, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985). In 46 USCA 713, "seaman" and "vessel" are defined as:
"... every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a `seaman'; and the term `vessel' shall be understood to comprehend every description of vessel navigating on any sea or channel, lake or river to which the provisions of such title may be applicable,..."
In his petition, Rousseau alleged that he was working aboard his employer's barge located on a navigable body of water near the premises owned and/or leased by Hughes; that the barge was operating a dragline, that the dragline was being used in connection with Rousseau's duties, and that Rousseau was injured when he assisted in connecting a welding machine to the dragline for the purpose of removing the machine from the deck of the barge. Although the petition does not refer to Rousseau as a seaman or member of the crew, we find that the petition asserts sufficient facts to give rise to an action under the Jones Act. Consequently, we find that the trial judge erred in dismissing Rousseau's Jones Act action since the suit did not prescribe.[2]
Accordingly, the judgment of the trial court is hereby reversed, and the case remanded for proceedings consistent with this opinion.
Costs of this appeal to be paid by appellees.
REVERSED AND REMANDED.
NOTES
[1] A contrary view was expressed in Hankamer v. Texaco, 387 So.2d 1251 (La.App. 1st Cir.1980). There the first circuit held that the judgment maintaining the exception of prescription was interlocutory but that the judgment caused irreparable injury. The court however, did not discuss their previous decision in Fussell which held that a judgment sustaining the exception of prescription is a final judgment and two years after the Hankamer decision was rendered the first circuit reverted to their original position in Boudreaux v. Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1st Cir.1982).
[2] Because of our findings herein, we need not decide whether the amended petition relates back to the date of the filing of the original petition.