530 So.2d 1221 (1988)
Florant WOODS, et al., Plaintiffs-Appellants,
v.
MONROE MANOR NURSING HOMES, INC., et al., Defendants-Appellees.
No. 19710-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Writ Denied October 7, 1988.
*1222 Hunter, Scott, Blue, Johnson & Ross by Willie Hunter, Jr., Monroe, for plaintiffsappellants.
Hayes, Harkey, Smith, Cascio & Mullens by Charles S. Smith, Monroe, for defendants-appellees.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
SEXTON, Judge.
The plaintiffs appeal the trial court judgment sustaining the defendants' peremptory exception of prescription and dismissing the plaintiffs' first supplemental and amending petition. We reverse and remand.
The plaintiffs in this case, the sons and grandsons of Mose Woods, filed suit seeking damages resulting from the death of Mr. Woods. The plaintiffs alleged in their original petition that the death was the result of the negligence of Monroe Manor Nursing Home, Inc., one of the defendants. Mr. Woods died on January 18, 1984; the original petition was filed on January 17, 1985. A first amending and supplemental petition was filed on August 5, 1987. The defendants filed a peremptory exception of prescription to the amending petition. The defendants argued that the amending petition attempted to assert a survival action, which must be brought within one year of the death of the deceased under LSA-C.C. Art. 2315.1, and pointed out that the amending petition asserting this action was filed more than one year after the death of Mr. Woods.
In sustaining the exception, the trial court held that the period for bringing a survival action was peremptive rather than prescriptive and not susceptible to interruption or suspension. The trial court found that the original petition asserted only a wrongful death action. Therefore, because the survivorship action was asserted for the first time in the amending petition more than one year after the death of Mr. Woods, that action had expired.
On appeal the plaintiffs argue that their original petition, filed within one year of the death of Mr. Woods, did assert a survival action, that their amending petition only clarified the wrongful death and survival action, and that the trial court was in error in sustaining the defendants' exception of prescription.
The law is clear that a wrongful death action and a survival action are two separate and distinct causes of action. Guidry v. Theriot, 377 So.2d 319 (La.1979). LSA-C.C. Art. 2315.1 provides that if a person injured by an offense or quasi-offense dies, the right to recover the damages for injury to that person and his property "shall survive for a period of one year from the death of the deceased." We *1223 agree with the trial court that the period of limitations for a survival action is peremptive rather than prescriptive. Ayo v. Johns-Manville Sales Corporation, 771 F.2d 902 (5th Cir.1985); Jones v. Philco-Ford Corporation, 441 So.2d 1251 (La. App. 1st Cir.1983), original opinion reinstated, 452 So.2d 370 (La.App. 1st Cir.1984), writs denied, 457 So.2d 1193 (La.1984) and 457 So.2d 1198 (La.1984); McClendon v. State, Through Department of Corrections, 357 So.2d 1218 (La.App. 1st Cir. 1978); Romero v. Sims, 68 So.2d 154 (La. App. 1st Cir.1953); Miller v. American Mutual Liability Insurance Company, 42 So.2d 328 (La.App. 1st Cir.1949).
Because the period is peremptive, it is not subject to interruption or suspension. After the period of time expires, the cause of action no longer exists. Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971); Guillory v. Avoyelles Railway Company, 104 La. 11, 28 So. 899 (1900); McClendon v. State, Through Department of Corrections, supra. If the plaintiffs have not alleged a survival action in their original petition, then this action has expired.
The original petition is captioned "Petition for Wrongful Death." Paragraphs three and four of that petition are as follows:
3.
Petitioners state that Monroe Manor Nursing Home, Inc., through its negligence, allowed the late Mose Woods, on or about August 30, 1983 and August 31, 1983, to vacate its premises while under its' [sic] care which resulted in him being missed for two (2) days. During his absence, the late Mose Woods suffered from dehydration, secondary poor nutrition, pneumonia, and a fractured left elbow. Due to the late Mose Woods' age, these disabilities immediately began to severely restrict his life expectancy.
4.
Petitioners state further that as a result of the above negligent misconduct, the late Mose Woods was admitted to St. Francis Hospital, treated and released to defendant, Monroe Manor Nursing Home, Inc. Shortly after the late Mose Woods returned to the nursing home, through its continued gross negligence, he suffered from severe decubitus ulcers to his back and buttocks. The suffering from said ulcers further restricted Mose Woods' life expectancy; and, on January 18, 1984, daily suffering caused his demise.
LSA-C.C.P. Art. 865 provides that "[e]very pleading shall be so construed as to do substantial justice." Under LSA-C. C.P. Art. 854 "[n]o technical forms of pleading are required." The courts look beyond the caption of pleadings to the substance of the pleadings to determine their true nature. Succession of Smith, 247 La. 921, 175 So.2d 269 (1965); Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972); Succession of Stevenson, 492 So.2d 100 (La.App. 1st Cir.1986), writ denied, 494 So.2d 1178 (La.1986); Rousseau v. Employers Mutual of Wausau, 493 So.2d 121 (La.App. 5th Cir.1986). Louisiana rejects the theory of the case doctrine. Philippe v. Browning Arms Company, 395 So.2d 310 (La.1981).
Rousseau v. Employers Mutual of Wausau, supra, appears to be particularly analogous. In Rousseau, the plaintiff timely sued his employer and various other parties for an injury he sustained while unloading a barge. The original petition asserted the applicability of several federal and state statutes and general maritime law. It did not, however, specifically state that he was bringing a Jones Act suit. Jones Act claims have a three year statute of limitations. More than five years after the filing of the original petition, the plaintiff filed an amended petition in which he specifically asserted a Jones Act claim. The court of appeal found that the claim had not prescribed because the original petition asserted sufficient facts to give rise to an action under the Jones Act, although the Jones Act theory was not specifically asserted.
A survival action permits recovery of the damages suffered by the deceased from the time of injury to the moment of death. *1224 Guidry v. Theriot, supra. It is clear that the petition alleges specific damages suffered by Mr. Woods prior to his death. He suffered from dehydration, secondary poor nutrition, pneumonia, a fractured left elbow, and severe ulcers as a result of the alleged negligence of the Monroe Manor Nursing Home. We find that the plaintiffs have timely asserted a survival action.
The amended petition merely clarifies the survival claim asserted in the original petition. In the original petition, the plaintiffs did not specify an amount of damages for the survival action they asserted. They asked for these damages in the amended petition. Because the facts listed in the original petition gave sufficient notice of the nature of the claim being asserted, the plaintiffs' amending petition relates back to the original petition. LSA-C.C.P. Art. 1153; Mason v. Stauffer Chemical Company, 451 So.2d 32 (La.App. 1st Cir.1984), writ denied, 452 So.2d 1175 (La.1984). See and contrast, Jones v. Philco-Ford Corporation, supra, where the survivorship action was apparently asserted for the first time in the amending petition.
The decision of the trial court sustaining the exception of prescription to the survival action is reversed and the exception is overruled. The case is remanded to the district court for further proceedings. The costs of this appeal are assessed to defendantsappellees.
REVERSED AND REMANDED.