692 So.2d 1238 (1997)
WALLE CORPORATION and Baker Dixon Packaging, Inc.,
v.
HIBERNIA NATIONAL BANK and Jefferson Guaranty Bank and LaPort, Sehrt, Romig & Hand.
No. 96-CA-803.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 1997.
*1239 William W. Hall, Metairie, Walter C. Thompson, Jr., Thomas E. Schwab, Barkley & Thompson, L.C., New Orleans, for plaintiffs-appellants.
William E. Wright, Jr., W. Christopher Beary, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, for defendant-appellee.
Before GRISBAUM, WICKER and DALEY, JJ.
GRISBAUM, Judge.
This appeal relates to a "partial summary judgment" wherein the plaintiff at the trial court level, Walle Corporation ("Walle") and its wholly owned subsidiary, Baker Dixon Packaging, Inc. ("Baker"), appeal the trial court's grant of a Partial Summary Judgment in favor of the defendant, LaPorte, Sehrt, Romig & Hand ("LaPort"), based on peremption. We affirm.

FACTS AND PROCEDURAL HISTORY
The appellant, Walle, placed Wilbur P. Daigle in the position of the company comptroller in November 1984. According to Walle, Mr. Daigle began stealing from it in 1985. It was not until 1995 that Walle discovered the thefts. As a result of its investigation, Walle filed suit against Hibernia National Bank, Jefferson Guaranty Bank, and LaPorte, the appellee this matter, claiming various acts of negligence and malpractice.
LaPorte filed a Motion for Partial Summary Judgment, claiming that each yearly audit it performed for the appellant was an individual act and, therefore, any claim against it for any audit earlier than three years from the filing of the claim was preempted based upon La.R.S. 9:5604. Each side filed memoranda, and, after a hearing on the matter, the trial judge granted the Motion for Partial Summary Judgment and dismissed all claims and damages against La-Porte for fiscal years ending on or prior to May 31, 1992.
Walle filed a notice entitled "Notice of Intention to Apply for Supervisory Writs, Combined with Precautionary Petition for Appeal." As a result of that notice of intent, the trial judge signed an Order giving Walle until July 26, 1996 to apply to this Court for supervisory writs and further ordered Walle be "granted a devolutive appeal to the Court of Appeal for the Fifth Circuit, State of Louisiana, returnable within the delays allowed by law." On November 6, 1996, Walle filed an appeal with this Court. No writ application has been filed with this Court on this matter.

ISSUES
Initially, we are called upon to determine, as a procedural matter, (1) whether this matter is a final judgment capable of appeal and primarily (2) whether the trial court erred in its grant of appellee's Motion for Summary Judgment.

*1240 ISSUE ONE

Law
La.Code Civ.P. art. 2083(A) provides:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
Further, La.Code Civ.P. art. 1915(A)(3) provides:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party all the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
....
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
This Court, in Rousseau v. Employers Mutual of Wausau, 493 So.2d 121 (La.App. 5th Cir.1986), stated that "a judgment sustaining the exception of prescription is a final appealable judgment, even in cases where only a portion of the case is dismissed by the exception." Id. at 124 (citations omitted) (emphasis added). Finally, we note that "[t]he plaintiff or defendant in the principal or any incidental action ... may move for a summary judgment in his favor for all or part of the relief for which he has prayed...." La. Code Civ.P. art. 966(A).

Analysis
We note the trial court granted a Motion for Summary Judgment under La.Code Civ.P. art. 966 based on La.R.S. 9:5604 peremption. Importantly, we feel the analysis of Rousseau, supra, that the granting of a peremptory exception is an appealable judgment, even where only a portion of the case is dismissed, applies to the matter before us. However, we take notice that the attempt by the appellant to construct this appeal as a "writ/appeal" is an unacceptable procedural maneuver. If we had held that this matter was not a final judgment subject to appeal, this matter would be dismissed.

ISSUE TWO
We now turn to address the merits of the grant of the Motion for Partial Summary Judgment.

Law
Summary judgment may be granted where there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Actions for professional accounting liability have a one-year prescriptive period and a three-year peremptive period. La.R.S. 9:5604(A). Importantly, La.R.S. 9:5604(B) states:
The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Analysis
The appellant filed its claims in 1995. Any claim against the appellee prior to 1992 no longer exists. The Louisiana Civil Code clearly and unequivocally states that "[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. Further, as restated in La.R.S. 9:5605(B), the Civil Code states "peremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461.
The appellant argues that La.R.S. 9:5604(E) applies because it has alleged fraud. In fact, the appellant did not allege fraud against the appellee but, at the hearing *1241 on the matter, stated to the trial judge that fraud had been alleged against the thieving employee in separate litigation. We find no merit in this argument.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.