liAMY, J.,
dissenting.
I respectfully dissent from the majority opinion. Like the majority, I conclude that the period attendant to a survival action is peremptive and that attendant to a wrongful death cause of action is prescriptive. In my opinion, the differing nature of these two actions is apparent upon review of La.Civ. Code art. 2315, as it existed at the time of Mr. Evans’ death. Article 2315 provided, in part, as follows:
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
|2The more specific nature of the period attendant to the survival action provision makes it clear that this period is peremptive rather than prescriptive. See Guidry v. Theriot, 377 So.2d 319 (La.1979); Woods v. Monroe Manor Nursing Homes, Inc., 530 So.2d 1221 (La.App. 2 Cir.), writ denied, 531 So.2d 765 (La.1988). However, that portion of Article 2315 addressing wrongful death is more general and, therefore, falls within the general prescription provisions. See Guidry, 377 So.2d 319.
With regard to the one-year peremptive period in which a survival action may be brought, I significantly differ from the majority in that I conclude that the nature of a peremptive period precludes suspension. The jurisprudence of this state has repeatedly held that “[a] peremptive statute ... totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced.” Pounds v. Schori, 377 So.2d 1195 (La.1979) citing Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539 (La.1889); Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899 (La. 1900); Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415 (La.1935); Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (La.1953); Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971). Since the 1981 death of Mr. Evans, this concept of finality with regard to peremption has been codified. Article 3458 of the Louisiana Civil Code provides that “[pjeremption is a period of time fixed by law for the existence of a right. Unless timely exercised, *472 the right is extinguished upon the expiration of the peremptive period.” (Emphasis added.)
Additionally, relevant jurisprudence indicates that “peremption admits of neither interruption or suspension.... ” Pounds, 377 So.2d 1195. See also State v. McInnis Bros. Constr., 97-0742 (La.10/21/97); 701 So.2d 937. This concept, too, is contained within the Louisiana Civil Code. Article 3461 instructs that “[pjeremption may not be renounced, interrupted, or suspended.” I find no exception to this rule, which is both juris-prudentially and statutorily provided for, allowing suspension pursuant to the doctrine of contra non valentem. Rather, this distinction barring suspension is the key difference between a peremptive period and one that is prescriptive. Therefore, because the survival action was not brought within the one-year peremptive period, a period which can be neither interrupted nor suspended, I conclude that the trial court erred in denying the exception of peremption.
As previously stated, I conclude that the period attendant to the wrongful death action is prescriptive. Therefore, unlike the per-emptive period, the one-year period allowed for institution of a wrongful death action may, in limited circumstances, be subject to interruption or suspension. However, in instances where an action has prescribed on the face of the petition, as it has done in the present matter, the burden shifts to the plaintiff to prove that the matter has not prescribed. Lima v. Schmidt, 595 So.2d 624 (La.1992). While evidence may, in some instances, indicate that the prescriptive period has been interrupted, renounced, or suspended, I do not find that the plaintiffs have sustained such a burden in the present case. Rather, the record reveals that the plaintiffs’ submission to the lower court is comprised only of the affidavits of Mr. Evans’ wife and daughter and the defendants’ answer to the petition instituting this matter. Reference to the affidavits indicates that Mr. Evans died from cancer in 1981, that the family had no reason to believe that his death was causally related to his work environment, that they were not advised of the possibility of such La connection by the defendants, and that they first contacted an attorney after being advised that there could be some connection in 1996. In my view, such a showing is insufficient to establish that suspension or interruption is warranted. Therefore, I conclude that this claim has prescribed.