PER CURIAM.
|tWe granted the writ application of the Department of Health and Hospitals (“DHH”) in this civil matter to review whether DHH had the authority under La.Rev.Stat. § 40:2199 to impose two civil fines against Midtown Medical, LLC (“Midtown”) based on DHH’s determination Midtown was out of compliance with “federal and/or state rules for abortion clinics.” An administrative hearing officer affirmed DHH’s assessment of fines in this matter. Likewise, the District Court affirmed, holding DHH had the authority to impose the instant fines. The Court of Appeal reversed. After reviewing both La. Rev.Stat. § 40:2199 and La. Admin. Code tit. 50, pt. I, § 5501 (repealed 2013), the administrative rules DHH enacted pursuant to this enabling statute, we conclude DHH clearly had the statutory authority to impose the fines at issue. Accordingly, we reverse the judgment of the Court of Appeal, reinstate the District Court’s judgment, and remand the case to the Court of Appeal for consideration of Midtown’s unaddressed assignment of error.
In La.Rev.Stat. § 40:2199, the Legislature laid out a scheme for licensure enforcement applicable to certain health care facilities. This issue arises because, although this statute enabling the enforcement of these licensure violations includes an “outpatient abortion facility” within the scope of health care facilities |2over which DHH has enforcement authority, see La. Rev.Stat. § 40:2199(A)(1), the since-repealed rules which were enacted pursuant to this statute do not include outpatient abortion facilities within the definition of “facility.” See La. Admin. Code tit. 50, pt. *595 I, § 5501.[1] It is a fundamental rule of administrative law that if the Legislature has directly spoken on a specific question at issue, the court as well as the agency must give effect to the Legislature’s unambiguously expressed intent. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837,104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (“When a court reviews an agency’s construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.”).
In the instant case, the Legislature made clear the scope of DHH’s enforcement authority when it provided a mandatory definition for the word “facility” in the first paragraph of the statute:
For purposes of this Part, ‘facility’ shall mean any one or more of the following: an adult day health care facility, substance abuse/addiction treatment facility, ambulatory surgery center, case management facility, urine drug screening facility, mobile cholesterol screening facility, end stage renal disease facility, supplier of portable X-ray services, home health agency, hospice, hospital, ICF/DD facility, outpatient abortion facility, or any other health care provider licensed or certified by the Departs ment of Health and Hospitals.
La.Rev.Stat. § 40:2199(A)(1) (emphasis added). By using the mandatory “shall,” the Legislature left DHH no room to interpret or to narrow the meaning of the term “facility.” La.Rev.Stat. § 1:3 (“The word ‘shall’ is mandatory....”)., Together, the words “shall mean any one or more of the following” indicate DHH has enforcement authority not only over those facilities which .serve one of these | functions but also over those which serve multiple functions. In other words, this language covers facilities which function only as outpatient abortion facilities, for instance, and those which operate as both outpatient abortion facilities and adult day health care facilities. Because the Legislature defined “facility” in this enabling statute, the absence of “outpatient abortion facility” in the definition promulgated by DHH in La. Admin. Code tit. 50, pt. I, § 5501, is of no consequence. For persuasive authority for this statutory interpretation, see Ooida Risk Retention Group, Inc. v. Williams, 579 F.3d 469, 474-75 (5th Cir.2009) (“We apply the statutory definition of employee in this instance, as any inconsistency between the statutory language and the language contained in the regulations must be resolved in favor of the statute.”). Because the statute is clear and unambiguous, this Court is required to give effect to its provisions alone. See State v. Oliphant, 12-1176, p. 5 (La.3/19/13), 113 So.3d 165, 168 (“When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood *596 meaning.”) (internal citations omitted); La. Civ.Code art. 11; La.Rev.Stat. § 1:3.
Midtown argues DHH has no authority to assess these civil fines because “DHH must adopt rules in order to implement the civil fine provisions of the statutes” and the rules do not include “outpatient abortion facilities” in its definition of “facility.” Section 40:2199 does direct DHH to adopt rules “which define specific classifications of violations, articulate factors in assessing civil fines including mitigating circumstances such as an effective corporate compliance program, and explain the treatment of continuing and repeat deficiencies.” La.Rev.Stat. § 40:2199(B)(1). However, nowhere in the statute is DHH authorized either |4explicitly or implicitly to alter the definition of “facility” provided in § 40:2199(A)(1). Because all of DHH’s power comes from the enabling statute and the statute does not explicitly or implicitly give DHH the authority to alter the definition of “facility,” the definition promulgated in DHH’s rules is surplusage and the statutory definition controls. Therefore, DHH did have the power to assess the fines at issue in this case.
We granted this writ only to address the issue of DHH’s authority to impose these fines. For the foregoing reasons, we reverse the Court of Appeal’s judgment and reinstate the judgment of the District Court. We further remand this matter to the Court of Appeal for consideration of Midtown’s unaddressed assignment of error.
COURT OF APPEAL JUDGMENT REVERSED; JUDGMENT OF THE DISTRICT COURT REINSTATED; CASE REMANDED TO COURT OF APPEAL.

. La. Admin. Code tit. 50, pt. I, § 5501(B) provides: “For purposes of this rule, facility refers to any agency licensed by the Department of Health and Hospitals as an adult day health care center, substance abuse/addiction treatment facility, ambulatory surgical center, case management agency, urine drug screening clinic, supplier of portable x-ray services, home health agency, hospice, hospital, or intermediate care facility for the mentally retarded.”