*418 KNOLL, J.
11 This writ concerns whether a statutory prescriptive period can be shortened by an administrative rule. This issue arises in a workers’ compensation case where the hearing officer refused to consider the worker’s request to have medically recommended magnetic' resonance imaging (“MRI”) of his lumbar spine because the worker failed to appeal the Office of Workers’ Compensation Administration medical director’s decision denying his request for medical treatment within th.e 15-day time period required by an administrative rule.[1] In so doing, the hearing officer sustained defendants’ peremptory, exception of prescription. We find the hearing officer erred as a matter of law. We reverse and vacate in part that portion of the judgment sustaining the defendants’ peremptory exception of prescription, ahd we remánd for the Office of Workers’ Compensation (“OWC”) to' consider "the merits of the worker’s claim that the medical director failed to appropriately apply the medical treatment guidelines in denying the lumbar spine MRI requested by the |2worker’s orthopedic surgeon. In all other respects, we affirm thejudgment.[2]
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On June 30, 2012, Calvin Arrant[3] suffered injuries from an accident when an eighteen-wheeler ran a red’ light and struck the work vehicle he was driving in the course and scope of his employment with Wayne Aeree PLS, Inc. (“Aeree, Inc.”).[4] After meeting with an attorney, Arrant consulted with Dr. Douglas Brown, an orthopedic surgeon, concerning pain in his back that had begun radiating into his legs. To help diagnose the problem, Dr. Brown recommended a lumbar MRI. Arrant’s attorney contacted Louisiana Workers’ Compensation Corporation (“LWCC”), the workers’ compensation carrier for Aeree, Inc., to ascertain whether LWCC would agree to provide the recommended MRI. According to the trial testimony of Arrant’s former attorney, LWCC responded that “it would have.to be approved by the workers’ comp people.”
On two occasions, Arrant submitted requests to the medical director seeking approval for the recommended MRI, as required by La.Rev.Stat. 23:1203.1(J). The medical director denied both of these requests, issuing these decisions via facsimile on September 18, 2012, and on October 19, 2012, respectively. On May 1, 2013, Arrant filed a “Disputed Claim for Compensation” — LWC Form 1008 — with the OWC seeking judicial review of the medical director’s decision to deny the recommended *419 MRI.[5] Thereafter, LWCC and Aeree, Inc., (“defendants,” 1¡¡collectively) filed, among, other things, an exception of prescription,[6] grounded in Arrant’s failure to appeal the medical director’s decision within “15 calendar days of the date said determination is mailed to the parties,” as- required by La. Admin. Code Title 40, Part I, Chapter 27, Section 2715.
Following a trial on the merits, the OWC issued a. judgment which, among other things, granted defendants’ exception of prescription because “[claimant failed to timely file his appeal of the Office of Workers’ Compensation Medical Director’s decision affirming LWCC’s denial to provide authorization for the lumbar MRI requested by Dr. Brown.” The Court of Appeal for the Second Circuit affirmed, finding:
As stated in La. R.S. 23:1291(B) and La. R.S. 23:1203.1(B), the legislature provided the director of the OWC with the power to promulgate rules and regulations to expedite the process of workers’ compensation claims in order to further its intent of providing services to injured employees in an “efficient and timely manner.” La. R.S. 23:1203.1(L). The director of the OWC acted within its authority when promulgating the 15-day appeal period set forth in Title 40, Part 1, Chapter 27, Section 2715(B)(3)(f). The 15-day period comports with the legislature’s intent. Further, this time period is not unreasonable, notably in light of the fact that a claimant may file .subsequent -requests for review of the medical director’s decision.... Because Mr. Arrant failed to file a 1008 form challenging the medical director’s determination within 15 days of the decision, the trial court did not err in granting Defendants’ peremptory exception of prescription.[7]
We granted certiorari to determine whether the Court of Appeal erred in affirming this judgment granting defendants’ exception of prescription premised on Arrant’s failure to abide by the time period the director of the Office of Workers’ Compensation Administration set out in Title 40, Part I, Chapter 27, Section 2715(B)(3)(f)- of the Louisiana Administrative Code.[8]
DISCUSSION
La.Rev.Stat. 23:1203.1 empowers the director of the Office of Workers’ ^Compensation Administration to “promulgate rules ... to establish a medical treatment schedule”[9] and provides that this medical treatment schedule will set the standard for all medical treatment due by the employer to injured workers.[10] An injured worker can obtain from his employer medical treatment that varies from the schedule
when it is demonstrated to the medical director of the office by a preponderance of the scientific medical evidence, that a *420 variance from the medical treatment schedule is reasonably required to cure or relieve the injured worker from the effects of the injury or occupational disease given the circumstances.[11]
When the employer or its insurer refuses to pay for requested medical care, the injured worker may file an appeal with the medical director. Under La.Rev.Stat. 23:1203.1(J), as relevant here,
If any dispute arises after January 1, 2011, as to whether the recommended care, services, or treatment is in accordance with the medical treatment schedule, or whether a variance from the medical treatment schedule is reasonably required as contemplated in Subsection I of this Section, any aggrieved party shall file, within fifteen calendar days, an appeal with the office of workers’ compensation administration medical director on a form promulgated by the director. The medical director shall render a decision as soon as is practicable, but in no event, not more than thirty calendar days from the date of filing[12]
La,Rev.Stat. 23:1203.1(K) provides a process by which any party who disagrees with the medical director’s decision may seek review of that decision, first by a hearing officer with the OWC, then by the Court of Appeal, and finally by writ application to this Court. Notably, although the' Legislature explicitly provided a 15-day period during which an injured worker may appeal an employer’s refusal to | Bprovide medical care to the medical director, La.Rev.Stat. 23:1203.1(K) is silent concerning a corresponding period during which a party must file his claim with the OWC:
After the issuance of the decision by the medical director of the office, any party who disagrees with the medical director’s decision, may then appeal by filing a “Disputed Claim for Compensation”, which is LWC Form 1008. The decision of the medical director may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director was not in accordance with the provisions of this Section[13]
By promulgating Title 40, Part I, Chapter 27, Section 2715(B)(3)(f) of the Louisiana Administrative Code, the director of the Office of Workers’ Compensation Administration sought to fill this gap:
In accordance with LAC 40:I.5507.C, any party feeling aggrieved by the R.S. 23:1203.1(J) determination of the medical director shall seek a judicial review by filing a Form LWC-WC-1008 in a workers’ compensation district office within IS calendar days of the date said determination is mailed to the parties. A party filing such appeal must simultaneously notify the other party that an appeal of the medical director’s decision has been filed. Upon receipt of the appeal, the workers’ compensation judge shall immediately set the matter for an expedited hearing to be held not less than 15 days nor more than 30 calendar days after the receipt *421 of the appeal by the office. The workers’ compensation judge shall provide notice of the hearing date to the parties at the same time and in the same manner.[14]
On the basis of Arrant’s failure to file his appeal with the OWC within this 16-day period, the OWC granted defendant’s exception of prescription, and the Court of Appeal affirmed this judgment.
Indeed, we cannot stress enough that this ease requires us to review a judgment affirming an exception of prescription. Liberative prescription is a mode of barring actions as a result of inaction for a period of time.[15] As our Civil Code explicitly recognizes, the Legislature has the authority to set time limitations on legal actions.[16] Because prescription triggers the extinction of a claim,[17] | ^prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it.[18] As, in accordance with La. Civ.Code art. 3457, “[tjhere is no prescription other than that established by legislation,” we must determine whether or not the Legislature has provided for prescription in this instance.
It is well established that the Legislature, after fixing a primary standard, may confer upon administrative officers in the executive branch the power to “fill up the details” by prescribing administrative rules and regulations.[19] As we have recognized, “even when the Legislature has properly delegated to an agency certain administrative or ministerial authority, the regulations promulgated by the agency may not exceed the authorization delegated by the Legislature,”[20] Leaving aside whether or not it would be proper for the Legislature to delegate to an administrative agency the power to designate a prescriptive period, we first look to the statute to determine whether the Legislature delegated this power at all or whether the director promulgated the regulations at issue in this case absent legislative empowerment.[21] Thus, the straightforward question before us is whether the director exceeded the authority delegated by the Legislature by promulgating Title 40, Part I, Chapter 27, Section 2715(B)(3)(f) of the Louisiana Administra *422 tive Code. In order to answer this question, we must determine the scope of the | ^Legislature's delegation to the director.
La.Rev.Stat. 23:1291 creates the Office of Workers’ Compensation Administration and delegates- to its director various enumerated powers. As relevant to the rule the director promulgated here, La.Rev. Stat. 23:1291(B) delegates the following to the director of the Office of Workers’ Compensation Administration:
The director shall have the following powers, duties, and functions:
[[Image here]]
(5) To’ establish' and promulgate in accordance with the Administrative Procedure Act such rules and regulations governing the administration of this Chapter and the operation of the office as may be deemed necessary and which are not inconsistent with the laws of this state.
[[Image here]]
(10) To require the use of appropriate procedures, including a utilization review process that establishes standards of review, for determining the necessity, advisability, and cost of proposed or already performed hospital care or services, medical or surgical treatment, or any nonmedical treatment recognized by the laws of this state as legal, and to resolve disputes over the necessity, advisability, and cost of same.
(11) To engage the services of qualified experts in the appropriate health-care fields to assist him in the discharge of his responsibilities in Paragraph (10) of this Subsection, and to establish. fees and promulgate rules and procedures in furtherance of his performance of these duties.
Moreover, La.Rev.Stat. 23:1203.1(B) requires the director, “through the office of workers’ compensation administration, [to] promulgate rules in accordance with the Administrative Procedure Act,. La.Rev. Stat. 49:950 et seq., to establish a medical treatment schedule.” The Court of Appeal found that both La.Rev.Stat. 23:1291(B) and La.Rev.Stat. 23:1203.1(B) provided, a legislative basis for promulgating the rule setting out the 15-day period for appealing the medical director’s determination, and Arrant’s failure to appeal during this time period provided appropriate grounds for sustaining an exception of prescription. We [^disagree. While these statutes delegate to the director broad general authority to promulgate rules and regulations concerning the medical treatment schedule, they do not provide the director power to designate a prescriptive period. This is clear. The Legislature exercised this power without qualification in La.Rev.Stat, 23:1209. Indeed, La.Rev.Stat. 23:1209(0) speciñcally establishes a prescriptive period for claims for medical benefits like those brought, by Arrant:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
It is a fundamental rule of administrative law that -if the Legislature has. directly spoken on a specific question at issue, the court as well as the agency must give effect to the Legislature’s unambiguously *423 expressed intent.[22] Here, the Legislature explicitly provided a prescriptive period for “all claims for- medical benefits.” Therefore, any attempt to alter , the prescriptive period laid out in this statute is ultra vires. Because all of the director’s power comes from the enabling statute and no statute explicitly or implicitly delegates to the director the power to alter the prescriptive, .period plainly provided in La. Rev.Stat. 23:1209(0) for.“[a]ll claims for medical benefits payable pursuant to R.S. 23:1203,” the 15-day period set out in Title 40, Part I, Chapter 27, Section 2715(B)(3)(f) of the Louisiana. Administrative Code cannot provide a legitimate basis for sustaining an exception of prescription under the facts .of this case.
. The suggestion by .the Court ,of Appeal that the worker could simply re-file |8the same request for reimbursement after the OWC has issued a judgment granting an exception of prescription is legally wrong and practically absurd. Where an action is barred by prescription, the civil obligation is extinguished. It is a final, ap-pealable judgment,[23] and any attempt to reurge the same claim would be vulnerable to a peremptory exception, of res judica-ta.[24] Moreover, this course- runs contrary to the purpose of the Louisiana Workers’ Compensation Act .-that these claims be resolved quickly and efficiently.[25] Further, this, interpretation is economically inefficient — bad for employers/insurers who must pay additional , attorney fees to their defense lawyers, bad ■ for workers who must repeat an administrative process in order to receive review of their request for the medical treatment they may very well need, and bad for the State which must expend valuable administrative resources re-examining an initial request for treatment that was already denied at the initial stage. Finally, this interpretation would absolutely and' seriously undermine the quid pro quo that the Act has established because- it affects the worker’s access to medical benefits, the most central element of the workers’ compensation scheme. All of these considerations further support our decision.
. Accordingly, we reverse and vacate in part that portion of the judgment sustaining the defendants’ peremptory exception *424 of prescription, and we remand for ■ the OWC to consider the merits of Arrant’s claim that the medical director | infailed to appropriately apply the medical treatment guidelines in denying the lumbar spine magnetic resonance imaging requested by his orthopedic surgeon. In all other respects, we affirm the judgment.
AFFIRMED IN PART. REVERSED AND VACATED IN PART. REMANDED.
GUIDRY, J., dissents for the reasons assigned by Crichton, J.

. Because the medical director denied the worker’s request for medical treatment, the worker’s lawyer advanced the funds’ for the MRI, and the worker's claim evolved from a request for medical treatment to a.request for reimbursement.

. We granted writ in this case only to review that portion of the judgment granting defendants’ exception of prescription. We decline to exercise our supervisory jurisdiction to address the applicants’ remaining assignments of error.

. Following trial, Arrant passed away from natural causes unrelated to the injuries alleged in his petition. Thereafter, the OWC granted a motion to substitute his surviving spouse, Michele Arrant, and his children, Allison Michele Arrant and Staci Ranae Arrant Greene, as partes plaintiff in this matter.

. At trial, the partes stipulated to. Arrant’s employment with Aeree, Inc., that he was • involved in an accident within the course and scope of his employment, and that, at the time of trial, he was receiving temporary, total disability benefits.

. Arrant amended and supplemented his Form 1008 on two occasions prior to trial to add various other claims which we decline to address in this opinion.

. Specifically, defendants’ styled this pleading as a "Peremptory Exception of Preemption [sic] or, Alternatively, Prescription.”

. Arrant v. Wayne Aeree PLS, Inc,, 49,698, p. 10 (La.App. 2 Cir. 4/15/15), 164 So.3d 321, 328.

. Arrant v. Wayne Aeree PLS, Inc., 15-0905, p. 1 (La.6/30/15), 172 So.3d 1095.

. La.Rev.Stat. 23:1203.1(B).

. La.Rev.Stat. 23:1203.1(1). Note this part of the statute was amended and reenacted in 2014 to correct an error in punctuation. 2014 La. Acts No. 791. This change did not affect the substance of the statute.

. Id.

. La.Rev.Stat. 23:1203.1(J) (emphasis added). As the Court of Appeal acknowledged, La.Rev.Stat. 23:1203.1 was amended in 2012, 2013, and 2014. The 2013 amendments added provisions for an assistant medical director in Sections (J) and (K). 2013 La. Acts No. 317. These amendments did not change the substance of the statute. Note also that Act 317 reenumerated part (J), placing the substance of the quoted text in La.Rev.Stat. 23:1203.1(J)(1) and adding part (J)(2) which provides the procedure to be followed in the event a potential conflict of interest arises,

. La.Rev.Stat. 23:1203.1(K).

. La. Admin. Code tit. 40, pt. I, ch. 27, § 2715(B)(3)(f) (emphasis added).

. La. Civ.Code art. 3447.

. La. Civ.Code art. 3457 ("There is no prescription other than that established by legislation.”); see also SS v. State ex rel. Dept. of Soc. Serv., 02-0831, p. 6 (La.12/4/02), 831 So.2d 926, 931 ("It is also well accepted that the Legislature has the authority to set time limitations on legal actions.”).

. Note, however, that a natural obligation remains after the accrual of prescription. Comment (b) to La. Civ.Code art. 3447.

. Bailey v. Khoury, 04-0620, p. 9 (La.1/20/05), 891 So.2d 1268, 1275; Bouterie v. Crane, 616 So.2d 657, 660 (La.1993).

. State v. Alfonso, 99-1546, p. 7 (La.11/23/99), 753 So.2d 156, 161; Adams v. State Dept. of Health & Human Res., 458 So.2d 1295, 1298 (La.1984) ("Louisiana courts have upheld the constitutionality of statutes delegating broad powers to administrative officers to determine the details of legislative scheme where those statutes express a clear legislative policy and contain sufficient standards for the guidance of the administrative official empowered to execute the law.”).

. Alfonso, 99-1546 at 8, 753 So.2d at 162.

. Because we find the Legislature did not delegate to the director of the Office of Workers’ Compensation Administration the power to designate a prescriptive period, we do not need to address whether or not the Legislature could expressly delegate this power to an agency.

. Midtown Medical, LLC v. Dept. of Health & Hosp., 14-0005, p. 2 (La.3/14/14), 135 So.3d 594, 595; Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) ("When a court reviews an agency’s construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue.. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.”).

. Rousseau v. Emp’rs Mut. of Wausau, 493 So.2d 121, 124 (La.App. 5 Cir.1986) ("[A] judgment sustaining the exception of prescription is a final appealable judgment/ even in cases where only a portion of the case is dismissed by the exception.”); Sewerage & Water Bd. of New Orleans v. Sanders, 246 So.2d 734, 735 (La.App. 4 Cir.1971) ("It is difficult for this court to conceive of a judgment more final than the maintaining of a plea of prescription.”).

. La. C.C.P. art. 1673 ("A judgment of, dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.”); Sims v. American Ins. Co., 12-0204, p. 9 (La.10/16/12), 101 So.3d 1, 7 ("[A] dismissal with prejudice has ‘the effect of a final judgment of absolute dismissal after trial,’ and therefore, has res judicata effect on the parties to the suit dismissed with prejudice.”).

. La.Rev.Stat.-23:1203.1(L) (‘,‘It is the intent of the legislature that, , with the establishment and enforcement of the medical treatment schedule, medical and surgical treatment, hospital care, and other health care provider services shall be delivered in an efficient and timely manner to injured employees.”).