STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2018 CA 1781

RONNY CROWDER

VERSUS

STATEWIDE TRANSPORT, INC., AND
THE LOUISIANA INSURANCE GUARANTY ASSOCIATION

Judgment Rendered:    DEC - 9 2019

* * * * * *

Appealed from the
Office of Workers' Compensation, District 06
Parish of Livingston
State of Louisiana
Case No. 17-07115

Honorable Robert Varnado, Judge

* * * * * *

| | |
|---|---|
| Craig S. Watson<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>Ronny Crowder |
| Dawn Danna Marullo<br>Kaye N. Courington<br>Steven Lozes<br>Jeffrey M. Burg<br>Troy N. Bell<br>Daniel R. Estrada<br>New Orleans, LA | Counsel for Defendants/Appellees<br>Transport Leasing/Contract Inc.,<br>Statewide Transport, Inc., and the<br>Louisiana Insurance Guaranty Association |

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.[1]

---

[1] Justice Will Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

In this workers' compensation matter, the employee challenges the judgment of the Office of Workers' Compensation (OWC). The OWC associate medical director approved surgical intervention for the employee. The workers' compensation judge (WCJ) reversed that decision. For the reasons that follow, we reverse the judgment in part and remand the matter to the OWC for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Ronny Crowder was employed as a truck driver with Statewide Transport, Inc., and was injured in a work-related motor vehicle accident in May of 2012. As a result of his injuries, Crowder underwent surgeries for neck and arm pain in 2012 and 2016. Later, in 2017, as a result of continued complaints of pain, Crowder was recommended for a third surgical intervention, a laminectomy, by his treating physician, Dr. K. Samer Shamieh.

In accordance with the OWC Medical Treatment Guidelines, on July 10, 2017, Dr. Shamieh submitted a LWC Form 1010, requesting authorization from the employer's insurer, Louisiana Insurance Guaranty Association (LIGA), for the recommended laminectomy surgery, which request was denied. To appeal the denial of services, on July 28, 2017, Dr. Shamieh submitted to the OWC Form 1009, a disputed claim for medical treatment. On August 21, 2017, it was determined by the associate medical director, Dr. Jason Picard, that the medical care recommended by Dr. Shamieh was covered by the medical treatment schedule.

Thereafter, on November 3, 2017, Crowder filed a disputed claim for compensation with the OWC against Statewide Transport and LIGA. In Crowder's claim for compensation, filed because his recommended surgery was approved by the associate medical director, but not authorized by his employer, Crowder disputed the denial of office visits and surgery proposed by his treating physician. In response,

2

Statewide Transport and LIGA answered, asserting among other defenses, that they had continuously undertaken reasonable efforts to ascertain the extent of Crowder's medical condition, and that Crowder was not entitled to further medical benefits as pled.

After an unsuccessful mediation between the parties, followed by a trial on the matter, the WCJ issued a judgment on October 12, 2018, reversing the decision of the associate medical director and declaring that Crowder is not in need of the recommended surgery. Crowder now appeals.

## DISCUSSION

Louisiana Revised Statute 23:1203.1(K), which provides the process by which any party who disagrees with the medical director's decision may seek review of that decision, states:

> After the issuance of the decision by the medical director or associate medical director of the office, any party who disagrees with the decision, may then appeal by filing a "Disputed Claim for Compensation", which is LWC Form 1008. The decision may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director or associate medical director was not in accordance with the provisions of this Section.[1]

See also Arrant v. Wayne Acree PLS, Inc., 15-0905, pp. 4-5 (La. 1/27/16), 187 So. 3d 417, 420. In order to appeal a decision of the medical director, a party must file his claim with the OWC. Arrant, 15-0905 at p. 5, 187 So. 3d at 420.

Pursuant to La. R.S. 23:1203.1(K), Statewide Transport and LIGA had a right to appeal the decision of the associate medical director by filing a Form 1008. However, because the record is devoid of such a form being filed by Statewide Transport and LIGA, we must conclude that the employer and insurer herein waived their right to challenge or address the decision made by the associate medical

---

[1] As provided for in Acts 2019, No. 345, § 1, La. R.S. 23:1203.1(K) was amended to provide for appeals and deadlines, effective August 1, 2019. Therefore, in this opinion, we have conducted our review under the version of the Act in existence prior to the amendment.

director. At the trial on the matter, rather than limiting its review to the failure of Statewide Transport and LIGA to authorize the recommended surgery, as raised by Crowder's Form 1008, the WCJ improperly addressed the medical necessity determination decision of the associate medical director regarding the approved surgery.

Absent the filing of a Form 1008 by Statewide Transport and LIGA, we find that the WCJ erred in reversing the medical necessity decision of the associate medical director when that issue was not properly before the court.

## CONCLUSION

For the foregoing reasons, we reverse the portion of the October 12, 2018 judgment of the workers' compensation judge, which reversed the decision of the associate medical director regarding the medical necessity of the approved surgery. We also reverse that portion of the judgment holding that the employer and LIGA are not responsible for medical expenses associated with the recommended surgery.[2] We remand the matter for further proceedings consistent with this opinion. All costs of this appeal are assessed to Statewide Transport, Inc. and Louisiana Insurance Guaranty Association.

**REVERSED IN PART AND REMANDED.**

---

[2] We limit our decision to only those portions of the judgment pertaining to Crowder's Forms 1010 and 1009, both dated July 2017, which were subject to appeal under La. R.S. 23:1203.1(K).

4